EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| John T. Belk Arce<br><br>    Demandante–Recurrido<br><br>v.<br><br>Fred H. Martínez, et al.<br><br>    Demandados–Peticionarios | Certiorari<br><br>2004 TSPR 167<br><br>162 DPR \_\_\_\_ |

Número del Caso: CC-2003-371

Fecha: 28 de octubre de 2004

Tribunal de Circuito de Apelaciones:

Circuito Regional I

Panel integrado por su Presidenta, la Jueza Fiol Matta, y los Jueces González Rivera y Rivera Martínez

Abogados de la Parte Peticionaria:

Lcdo. Alberto Rodríguez Ramos
Lcda. Cristina S. Belaval Burger

Abogadas de la Parte Recurrida:

Lcda. Judith Berkan
Lcda. Rosalinda Pesquera

Materia: Discrimen en el Empleo y  Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

INTEGRACION DE SALA

O R D E N

San Juan, Puerto Rico, a 28 de octubre de 2004.

Debido a la no intervención de los Jueces Asociados señor Fuster Berlingeri, señor Rivera Pérez, y de la Jueza Asociada señora Rodríguez Rodríguez, así como de la inhibición de la Jueza Asociada señora Fiol Matta en el caso Núm. CC-2003-371, Belk Arce v. Martínez, se crea Sala Especial compuesta por el suscribiente como Juez Presidente y por los Jueces Asociados señor Rebollo López y Corrada del Río para entender en dicho caso.

Lo decretó y firma,

Federico Hernández Denton
Presidente

Certifico:

Patricia Otón Olivieri
Secretaria Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

John T. Belk Arce

    Demandante-Recurrido

        V                    CC-2003-371

Fred H. Martínez, *et al*.

    Demandados-Peticionarios

Sala Especial Integrada por el Juez Presidente señor Hernández Denton como su Presidente, y los Jueces Asociados señores Rebollo López y Corrada del Río

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico, a 28 de octubre de 2004.

Como cuestión práctica, este caso nos permite ilustrar la aplicación de la norma establecida en <u>López Vicil v. ITT Intermedia, Inc. II</u>, 143 D.P.R. 574 (1997), de manera que los foros de instancia puedan ejercer con uniformidad la encomienda de evaluar y disponer de solicitudes de honorarios de abogado en exceso del veinticinco por ciento (25%) reconocido en reclamaciones al amparo de la Ley Núm. 100 de 30 de junio de 1959.[1]

---

[1] 29 L.P.R.A. sec. 146 *et seq*. (en adelante Ley Núm. 100).

En particular, debemos resolver si el Tribunal de Primera Instancia cumplió con dicha normativa al evaluar varias solicitudes de honorarios de abogado presentadas por las representantes legales del Sr. John T. Belk Arce (señor Belk Arce) en el caso del epígrafe.

I

En junio de 1992, el señor Belk Arce presentó demanda contra los licenciados Fred H. Martínez, Lawrence Odell y José L. Calabria y la sociedad profesional compuesta por éstos (en conjunto el señor Martínez) al amparo de la Ley Núm. 100, *supra*. Alegó discrimen en el empleo por razón de matrimonio. Luego de varios incidentes, el Tribunal de Primera Instancia falló a favor del señor Belk Arce y el señor Martínez acudió ante nos.

Como resultado de estos trámites, emitimos Opinión y Sentencia en Belk Arce v. Martínez *et al.*, 146 D.P.R. 215 (1998), en la cual resolvimos, entre otros extremos, que al abogado del señor Belk Arce le correspondía preliminarmente el veinticinco por ciento (25%) de la indemnización básica concedida, o sea, dieciocho mil seiscientos dieciocho dólares con cincuenta y nueve centavos ($18,618.59), en honorarios al amparo de la Ley Núm. 100, *supra*. Determinamos además que el abogado, a su discreción, podría someter un memorando juramentado para obtener un aumento en sus honorarios, si ese fuera el caso, el cual sería

evaluado por el tribunal acorde con lo expresado en López Vicil v. ITT Intermedia, Inc. II, *supra*.

En vista de lo anterior, las representantes legales del señor Belk Arce, Lcdas. Rosalinda Pesquera (licenciada Pesquera) y Judith Berkan (licenciada Berkan), presentaron ante el foro de instancia cuatro (4) mociones en las cuales solicitaron honorarios de abogado adicionales.[2] Adujeron que habían representado al señor Belk Arce desde los inicios del pleito judicial y que ambas habían dedicado al caso más de seiscientas (600) horas de trabajo.

Junto a dichas mociones, las abogadas presentaron sus respectivos memorandos juramentados en los cuales expusieron sus preparaciones académicas, experiencias profesionales, las tarifas que les habían concedido en otros pleitos, las tarifas que solicitaban como honorarios en el presente caso y el número de horas trabajadas. Particularmente, la licenciada Berkan solicitó una compensación a razón de $225.00 por hora trabajada fuera del tribunal y $250.00 por hora trabajada en el tribunal. Por su parte, la licenciada Pesquera requirió una compensación a razón de $165.00 por hora trabajada fuera del tribunal y $190.00 por hora trabajada en el tribunal. Ambas abogadas acompañaron sus memorandos con una relación

---

[2] Dichas mociones fueron presentadas el 16 de septiembre de 1998, el 29 de diciembre de 1999, el 8 de agosto de 2000 y el 5 de febrero de 2002.

de horas trabajadas y tareas realizadas durante los trámites del caso.[3]

Posteriormente, y a petición del Tribunal de Instancia, las mencionadas abogadas presentaron cuatro (4) declaraciones juradas de otros licenciados que habían litigado casos bajo la Ley Núm. 100, *supra*, tanto en el foro estatal como en el federal. Mediante las mismas, informaron las tarifas que tradicionalmente cobraban en este tipo de casos.

Así las cosas, el Tribunal de Primera Instancia emitió una orden en la cual concedió honorarios a la licenciada Pesquera ascendentes a veinticinco mil dólares ($25,000.00). A su vez, otorgó a la licenciada Berkan veintiocho mil dólares ($28,000.00) por el mismo concepto. Indicó que había tomado en consideración la intensidad de la litigación, la experiencia de las abogadas y las horas invertidas por éstas en el caso.

Dicha determinación fue oportunamente objetada por el señor Martínez ante el antiguo Tribunal de Circuito de Apelaciones. El foro apelativo intermedio resolvió que la evaluación realizada por el Tribunal de Instancia fue insuficiente, de acuerdo con los parámetros esbozados en López Vicil v. ITT Intermedia, Inc. II, *supra*, toda vez que

---

[3] Entre los documentos sometidos para nuestra consideración no se encuentran el memorando juramentado y el desglose de horas trabajadas por la licenciada Pesquera que alegadamente acompañó con su solicitud presentada el 29 de diciembre de 1999.

dicho tribunal no explicó las razones ni la metodología utilizada para computar las cantidades otorgadas. En vista de ello, devolvió el caso para que el foro de instancia resolviera el asunto conforme a los criterios jurisprudenciales y emitiera una resolución fundamentada.

Nuevamente, y ante la oposición del señor Martínez, el Tribunal de Primera Instancia resolvió aprobar los memorandos de honorarios presentados por las abogadas. Determinó que a la licenciada Pesquera le correspondía una compensación de $100.00 por hora trabajada fuera del tribunal y $125.00 por hora trabajada en el tribunal. Dictaminó, además, que a la licenciada Berkan le correspondían honorarios a razón de $125.00 por hora trabajada fuera del tribunal y $150.00 por hora trabajada en el tribunal. Dispuso como fundamento para tal determinación que había considerado la preparación académica de las abogadas, su experiencia profesional, los honorarios que se acostumbraba cobrar en el distrito judicial, la novedad de la cuestión planteada, la naturaleza de la defensa y cómo el pleito había afectado su práctica.

Insatisfecho, el señor Martínez solicitó reconsideración de dicho dictamen. El señor Belk Arce se opuso a la misma y solicitó, a su vez, reconsideración. En atención a los planteamientos de las partes, el Tribunal de Instancia determinó aumentar las tarifas por hora a ser

pagadas a ambas abogadas[4] y ordenó la consignación de ciento treinta y cuatro mil setenta y nueve dólares con sesenta y seis centavos ($134,079.66) en pago de dichos honorarios.

Inconforme, el señor Martínez acudió nuevamente ante el foro apelativo, el cual denegó el recurso presentado por entender que el Tribunal de Primera Instancia había ejercido su sana discreción al evaluar y determinar los honorarios solicitados. En vista de ello, el señor Martínez acudió ante nos. Sostiene, en esencia, que el foro de instancia erró al conceder los honorarios solicitados sin justificación ni cómputo matemático alguno en contravención a López Vicil v. ITT Intermedia, Inc. II, *supra*. Por su parte, el señor Belk Arce aduce que el Tribunal de Primera Instancia tuvo ante sí los documentos necesarios para evaluar los honorarios solicitados.

Expedido el auto de *certiorari*, y con el beneficio de las comparecencias de las partes, procedemos a resolver.

II

La evaluación y fijación de honorarios de abogado deben estar dirigidas por el principio de que la profesión de la abogacía no es un mero negocio con fines de lucro, sino que se considera parte integrante de la administración de la justicia. Canon 24 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX; In re Clavell Ruiz, 131 D.P.R. 500 (1992); Ramírez, Segal & Látimer v. Rojo Rigual, 123 D.P.R. 161

---

[4]Dicho aumento correspondió a las tarifas originalmente solicitadas por éstas.

(1989). Debido a ello, hemos establecido parámetros y criterios para que, al apreciar la labor del abogado, no se sobrepasen los linderos del mencionado principio.

Así pues, en <u>López Vicil v. ITT Intermedia, Inc. I</u>, 142 D.P.R. 857 (1997), tuvimos la oportunidad de expresarnos en torno a la imposición de honorarios de abogado en reclamaciones laborales. Allí expusimos que la Ley Núm. 100, *supra*, disponía mandatoriamente la imposición de honorarios de abogado en casos de discrimen en el empleo. Asimismo, señalamos que en virtud de la Ley Núm. 402 de 12 de mayo de 1950, según enmendada,[5] no se permitía que los empleados victoriosos que reclamaban contra sus patronos tuvieran que pagar honorarios de abogado por los servicios prestados en reclamaciones laborales, en cuyo caso se condenaría al patrono a pagar los mismos.

Mediante reconsideración, en <u>López Vicil v. ITT Intermedia, Inc. II</u>, *supra*, enfatizamos que los honorarios de abogado que dispone de forma mandatoria la Ley Núm. 100, *supra*, "son compensatorios y constituyen la única y exclusiva suma que podrá cobrar el abogado de un trabajador que inste reclamación bajo dicha ley, correspondiéndole el pago al patrono perdidoso". *Id.*, pág. 577. Igualmente,

---

[5] 32 L.P.R.A. secs. 3114 *et seq*. Esta ley declara como política pública que permitir el cobro de honorarios de abogado a los empleados que se ven obligados a reclamar contra sus patronos al amparo de leyes laborales, tanto federales como estatales, equivale a permitir la reducción en el valor de su trabajo por la cantidad que éstos paguen a sus abogados.

concluimos que, de ordinario, un abogado que haya representado a algún empleado o trabajador victorioso en procedimientos al amparo de la Ley Núm. 100, *supra*, podía recibir en concepto de honorarios una compensación equivalente al veinticinco por ciento (25%) de la indemnización base concedida a su representado.

Ahora bien, aclaramos que en aquellas circunstancias en las que el abogado estimara que el esfuerzo realizado, el impacto o resultado excepcional del caso, o el haber enfrentado una defensa hostil justifican una cantidad mayor de honorarios, "éste [podría] solicitar al tribunal su visto bueno para cobrar una tarifa a base de las horas trabajadas". *Id.*, pág. 583. En tal caso, el abogado tendría que presentar un memorando juramentado en el cual se detallen las horas trabajadas y la tarifa que habrá de cobrar por hora, de manera que el tribunal pueda evaluar su razonabilidad. Dicho abogado deberá presentar un desglose del tiempo invertido en el caso y especificar todas las tareas realizadas. Además, deberá justificar la tarifa solicitada con su experiencia, preparación y las tarifas tradicionalmente cobradas en ese tipo de casos. Para ello puede someter declaraciones juradas de otros abogados que, a su vez, indiquen sus tarifas. Finalmente, recalcamos que el abogado del demandante tiene el peso de la prueba para demostrar que las horas trabajadas y su tarifa son razonables.

Por su parte, al evaluar dicha solicitud de honorarios, al tribunal le corresponde eliminar las horas excesivas o repetitivas y utilizar su propia experiencia y pericia para decidir cuánto tiempo es realmente razonable. El foro de instancia deberá considerar la novedad y dificultad de las controversias, y si los demandados recurrieron a una defensa hostil.

> También expresamos, de manera particular, que:
>
> [E]l tribunal de instancia tendrá discreción para aceptar o modificar la suma de honorarios reclamada en el memorando, **pero siempre deberá consignar por escrito sus razones[6] para llegar a determinada suma. Sólo de esta manera ese cálculo podrá ser revisable y se evitarán abusos de discreción.** (Énfasis nuestro). *Id.*, pág. 584.

Igual norma rige en la jurisdicción federal. Hensley v. Eckerhart, 461 U.S. 424 (1983).[7] A modo ilustrativo, en Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1304 (11mo Cir. 1988), se manifestó:

> Although the district court has wide discretion in exercising its judgment on the appropriate fee based on its own expertise, that discretion is not without limits. A conclusory statement that a fee is

---

[6] Razón, en una de sus acepciones, significa argumento o demostración que se aduce en apoyo de algo. Real Academia Española, *Diccionario de la Lengua Española*, Ed. XXII, Madrid, 2001, pág. 1903.

[7] Expuso el más Alto Foro Federal, a la pág. 437:

> We reemphasize that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters. **It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award.** (Énfasis nuestro).

reasonable in light of the success obtained is generally insufficient. The court's order on attorney's fees must allow meaningful review--the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation.[8] (Citas omitidas).

Dicho precepto se mantiene como un importante elemento en el proceso valorativo y en el cálculo de honorarios de abogado. Parker v. Town of Swansea, 310 F.Supp.2d 376 (D. Mass. 2004).[9]

De otro lado, en López Vicil v. ITT Intermedia, Inc. II, *supra*, advertimos que los tribunales apelativos no intervendrán con la determinación de honorarios realizada por instancia, a menos que la misma revele un abuso de discreción. Finalmente, puntualizamos que el cálculo de estos honorarios no debe convertirse en un segundo litigio.

Vista la normativa anterior, veamos los hechos del caso de autos.

III

Al aplicar los principios mencionados a los dictámenes ante nuestra consideración, resulta forzoso devolver el caso al foro de instancia para que éste tenga la

---

[8] Véase además, American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 427 (11mo Cir. 1999).

[9] Específicamente, dicho foro expresó:

> While the court need not 'set forth hour-by-hour analyses of fee requests,' at a 'bare minimum,' the 'trial court's fee determination must expose (its) thought process and show the method and manner underlying its decisional calculus,' especially when 'the fee award departs substantially from the contours shaped by the application. (Citas omitidas). *Id.*, págs. 387-388.

oportunidad de fundamentar su determinación de conceder los honorarios solicitados, conforme a los criterios expuestos en López Vicil v. ITT Intermedia, Inc. II, *supra*, de manera que se pueda constatar la razonabilidad de los mismos.

Aun cuando en el dictamen del foro de instancia se reconoce que se tomaron en cuenta los parámetros esbozados al conceder los honorarios solicitados por las abogadas del señor Belk Arce, en el mismo no se incluyó un análisis de estos criterios, ni las razones o las circunstancias que ameritaron tal suma de dinero. Dicha exposición resulta necesaria para apreciar la razonabilidad de su cálculo.

Como hemos expresado, la concesión de honorarios adicionales al veinticinco (25%) de la indemnización base concedida al empleado se encuentra dentro de la sana discreción del foro de instancia. Sin embargo, dicha discreción debe ser ejercida dentro de los parámetros establecidos por este Tribunal. Sólo cuando la resolución u orden de dicho foro posee los fundamentos que motivaron su decisión de conceder los honorarios, puede un tribunal revisor determinar si dicha discreción se ejerció conforme a lo intimado. Habida cuenta de que las órdenes emitidas por el Tribunal de Primera Instancia no revelan su análisis sobre la razonabilidad de los honorarios solicitados, no

contamos con los elementos valorativos para pasar juicio sobre la misma.[10]

**Aclaramos, por tanto, que los tribunales de instancia tienen el ineludible deber de aplicar los criterios esbozados por este Tribunal en López Vicil v. ITT Intermedia, Inc. II**, *supra*, **a los hechos y circunstancias particulares del caso ante su consideración y fundamentar su determinación al considerar la solicitud de honorarios al amparo de la Ley Núm. 100,** *supra*, **en exceso del veinticinco por ciento (25%) de la indemnización base concedida al empleado. Dicho análisis deberá constar por escrito en la orden o resolución en la cual se concedan o denieguen total o parcialmente estos honorarios.** Con ello, no sólo se posibilita la adecuada revisión de tal dictamen, sino que se pone al patrono perdidoso en conocimiento de las razones por las cuales se condena al pago de honorarios de abogado por una suma mayor al veinticinco (25%) de la indemnización base concedida al empleado. De igual forma, queda bien informado el empleado en caso de que no se le acoja la solicitud favorablemente o sólo se conceda la cantidad solicitada parcialmente.

Procede, por tanto, devolver el caso al Tribunal de Primera Instancia para que expanda sus fundamentos sobre la razonabilidad de los honorarios concedidos de acuerdo con

---

[10] Tampoco estamos en posición de realizar nuestra propia evaluación de los honorarios, toda vez que no tenemos todos los memorandos juramentados y todos los desgloses de las horas trabajadas y tareas realizadas.

lo resuelto en <u>López Vicil v. ITT Intermedia, Inc. II</u>, *supra*.

IV

En virtud de lo anterior, se expide el auto de *certiorari* y se revoca la resolución emitida por el hoy Tribunal de Apelaciones. Se devuelve el caso para que el Tribunal de Primera Instancia emita una nueva orden en la cual especifique los fundamentos en apoyo a la razonabilidad de la suma de honorarios de abogado que concedió, en consideración a los hechos particulares del caso.

Se dictará sentencia de conformidad.

Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


John T. Belk Arce

    Demandante-Recurrido

            V                        CC-2003-371

Fred H. Martínez, *et al*.

    Demandados-Peticionarios


Sala Especial Integrada por el Juez Presidente señor Hernández Denton como su Presidente, y los Jueces Asociados señores Rebollo López y Corrada del Río

                        SENTENCIA


        San Juan, Puerto Rico, a 28 de octubre de  2004.

        Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se expide el auto de *certiorari* y se revoca la resolución emitida por el hoy Tribunal de Apelaciones. Se devuelve el caso para que el Tribunal de Primera Instancia emita una nueva orden en la cual especifique los fundamentos en apoyo a la razonabilidad de la suma de honorarios de abogado que concedió, en consideración a los hechos particulares del caso.

        Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.



                        Patricia Otón Olivieri
                     Secretaria del Tribunal Supremo